In re Meeting of the GRAND JURY FOR the FOURTH QUARTER, 1984, Held on November 8 and 9, 1984.

No. 3–985A246.

Court of Appeals of Indiana, Third District.

Sept. 29, 1986.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellant.

John F. Goss, Boomershine and Goss, Monticello, for appellee.

HOFFMAN, Judge.

This appeal, brought by the State of Indiana, concerns the propriety of publishing a "report" issued by a Jasper County grand jury. In November 1984, the grand jury declined to return an indictment after hearing evidence regarding an alleged assault at Comprehensive Developmental Centers, Inc. (Comprehensive), a partially publicly funded training facility for handicapped individuals. Instead, the grand jury drafted a report calling attention to what it termed "certain inadequacies" at the center.

The prosecutor moved the court to publish the report. The court granted the motion. Thereafter, Comprehensive filed a verified petition for expungement. The court then vacated its previous order and ordered the report sealed. The State appeals from the latter order.

This Court has previously addressed the publication of grand jury reports which

criticize persons [1] whom it has failed to indict because of insufficient evidence. In *In re Elkhart Grand Jury, June 20, 1980* (1982), Ind.App., 433 N.E.2d 835, this Court determined that a grand jury report critical of a public officer was properly expunged by the trial court. It was reasoned that reports of this nature concerning public officials "would tend (1) to condemn public officials according to the grand jury's own standards of right and wrong; (2) to administer punishment by public censure leaving the accused without means to vindicate himself; and (3) to provide the means for unfair partisan political action." *In re Elkhart, supra,* 433 N.E.2d 837, citing, *Wood v. Hughes* (1961), 9 N.Y.2d 144, 212 N.Y. S.2d 33, 173 N.E.2d 21.

The State urges a different result than that of *In re Elkhart* based upon IND.CODE § 35–34–2–11 (1982) which allows grand juries to inspect the condition and management of any county, city or town facility which holds persons for care or custody. Even assuming that Comprehensive would fall into one of the categories of facilities governed by the statute, the statute does not empower the grand jury to issue reports criticizing their condition and management when it finds insufficient evidence to indict. *See, Coons v. State* (1922), 191 Ind. 580, 588, 134 N.E. 194, 196.

Also, the State argues that this Court should look to the common law of other states which allow grand jury reports. As noted in *In re Elkhart, supra,* grand jury proceedings are strictly statutory and grand juries have no common-law powers. *See also, Coons v. State* (1922), 191 Ind. 580, 589, 134 N.E. 194, 197 (the grand jury statutes make no provisions for reports on crimes by public officials or other citizens).

The trial court is in all things affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.

---

1. In the present case the report concerns a facility rather than a person.